### OUSLEY v. OUSLEY.

Court of Appeals of Kentucky.

Oct. 30, 1953.

Joe P. Tackett, Prestonsburg, for appellant.

Edward L. Allen, Prestonsburg, for appellee.

CAMMACK, Justice.

Alice Ousley was granted a divorce from Taulbie Ousley in 1947. She was given custody of her child, approximately one year of age at the time the divorce was granted. Mrs. Ousley was allowed $15 per month for the child's support. On this appeal Mr. Ousley contends that he was not the father of the child, and, therefore, he should not be required to contribute to its support.

■ Mrs. Ousley was 16 when the couple married in 1944. According to her testimony, she and her husband separated on or about May 20, 1945. On the other hand, Mr. Ousley said they separated prior to that time. Mrs. Ousley said she had intercourse with her husband on the day before they separated. The baby was born April 9, 1946. Counting May 19, 1945, as the day on which Mrs. Ousley became pregnant, that being the last day on which she might have conceived a child by her husband according to her testimony, she carried the child 324 days. In Williams v. Williams, 311 Ky. 45, 223 S.W.2d 360, we pointed out that proof necessary to bastardize a child must go beyond a reasonable doubt and must be of a higher degree than that required to convict a person of even a minor criminal offense. It was pointed out also in that case that a woman ordinarily carries a child 280 days after its conception, but that the period of pregnancy sometimes varies from 220 to 330

days. Mrs. Ousley's child was born in lawful wedlock, so there is a legal presumption of its legitimacy. While Mr. Ousley's proof raises some doubt as to the child's legitimacy, we are not prepared to say that it meets the test of the character of evidence necessary to bastardize a child.

Judgment affirmed.

COMBS, J., not sitting.